## WASHINGTON WHITNEY & another *vs.* HAVERHILL MUTUAL FIRE INSURANCE COMPANY.

An agreement by the plaintiff in a contested suit, in consideration of the defendant's consenting to be defaulted, not to enforce the execution which he should obtain, except upon certain specified property, is valid and binding.

CONTRACT. The declaration alleged that the defendants commenced an action against the plaintiffs, returnable at the November term of the superior court 1858, to recover the amount of certain claims, which action was duly entered and continued, and the plaintiffs went into insolvency, and afterwards obtained their discharge ; and the defendants claimed to have a lien upon certain property which had been insured by them, as security for the claims sought to be recovered in said action; and the defendants requested the plaintiffs to waive their defence to said action, and consent to judgment therein, so that the defendants might enforce their said lien ; and the plaintiffs did so consent, and the defendants recovered judgment for damages and costs ; and in consideration thereof the defendants agreed that the judgment so obtained should not be enforced against either of them, or be collected in any manner, except by enforcing said lien ; and the defendants have not kept their agreement, but have levied their execution upon other property of the plaintiffs, thereby putting the plaintiffs to great trouble and expense.

At the trial in the superior court, before *Lord,* J., the plaintiffs offered evidence tending to prove the various facts set forth in the declaration, and to show that the counsel of the defendants executed an agreement in writing, under the circumstances set forth, which has been lost, but was in substance as follows :

" This action was brought to enforce the lien of said company upon the property described in a certain insurance policy issued by the plaintiffs to the defendants, numbered    , and, judgment having been rendered for the amount due upon a promissory note given by the defendants to the plaintiffs for value received

in said policy, now therefore, in consideration thereof, and of the issuing of an execution thereon, framed to enforce said lien upon said property solely, we hereby release all claim under said judgment upon the person or other property of said defendants, thereby covenanting never to enforce our judgment against the same."

The president of the company, while the execution was in the hands of the officer, wrote to the counsel of the plaintiffs that any agreement made by the counsel of the company should be carried out.

The judge ruled that the plaintiffs were not entitled to re-cover, and a verdict was accordingly returned for the defendants. The plaintiffs alleged exceptions.

*G. F. Hoar*, for the plaintiffs, cited *Smith* v. *Palmer*, 6 Cush. 513 ; *Solly* v. *Forbes*, 2 Brod. & Bing. 38.

*F. H. Dewey & E. B. Stoddard*, for the defendants. The judgment determined the rights of the parties, and affords a conclusive presumption that any agreement inconsistent with it was waived or modified. *Ensign* v. *Bartholomew*, 1 Met. 273. The defendants' counsel had no authority to make the agree-ment relied on, nor had the president authority to confirm it. The agreement was on the condition that the execution should be in a particular form, which condition was not complied with.

GRAY, J. The agreement of the plaintiffs to be defaulted, and not to set up their insolvency, in the action brought by the insur-ance company against them to recover assessments secured by lien on their real estate, was a sufficient consideration for an agreement of the company to enforce the judgment and execu-tion in that action against that real estate only, and not against the debtors or their other property. This agreement was in no way inconsistent with the judgment ; but simply bound the company to enforce their judgment and execution, when ob-tained, in the manner, and against the property, to which the execution should have been in terms limited, if the debtors had obtained and pleaded their certificate of discharge before judg-ment was rendered against them. *Bowditch Ins. Co.* v. *Jackson*

12 Gray, 114. The evidence that the company's attorney in that action made, and that their president ratified, such an agreement should therefore have been submitted to the jury.

*Exceptions sustained.*